WILLIAM J. GREEN vs. R. W. WYNNE, Chairman of the Board of Commis-missioners of Wake county.

One summoned as a juror on a coroner's inquest is not entitled to any compensation.

Appeal from Wake Superior Court, Watts, Judge, presiding.

The plaintiff was summoned to serve on a coroner's inquest, and being a doctor of medicine, presented an account claiming pay as doctor and juror. There was no trial of the facts, which were disputed, in the Superior Court. His Honor disallowed the doctor's bill, but rendered judgment for two dollars, and the defendant appealed.

*Devereux* for the plaintiff.

This case turns on the construction of the third section of sub-chapter 9 of ch. 379, laws of 1868–'69. The section is in these words, "The same pay and mileage shall be allowed to special jurors, and the same pay without mileage to tales jurors."

The question arises, what is a special jury under this statute? A special jury is one summoned to perform some spe-

cial and particular act, something outside of the regular duties of juries.

Why should the Act mention "special jurors at all, unless all *special* juries were intended to be included ?

A jury summoned on a special *venire*, returnable in term time could have received its per diem under the general provisions of the first section.

Again when a statute admits of two constructions, that is to be taken as the true intent of the Legislature, which is most consonant with the principles of justice; and under no such principle could the Legislature pass a law forcing the citizen to devote his time and labor to the service of the public without giving him a reasonable compensation therefor.

Not unfrequently juries of inquest are detained for days, and in some extreme cases even for a much longer time. As in the recent case of the Westfield explosion, which is a matter of general public notoriety, the coroner's jury sat for weeks. Unless such services were paid for, a great wrong would be done to the poorer members of society who depend upon their daily wages for their daily bread.

*Badger* for the defendant.

BOYDEN, J. The only question made in this cause is whether a person summoned by a coroner as a juror upon an inquest and who attends and serves, is entitled to be paid for such services.

Under the old system the fees of the coroner and the physician were provided for, but no fees were allowed the jurors. In the case of forcible entry and detainer the Act makes no provision for the payment of the jurors and witnesses. In the case of a jury of view where a party claimed damages for overflowing land by the erection of a mill–dam, Rev. Code, Ch. 71, sec. 15, provides that the jurors shall receive 80 cents per day and mileage. But we know of no other Act providing for

the payment of jurors, except for sitting at Court. It is contended that the Act of 1868'–69, chap. 279, sub-chap. 9, sec. 1, 2, 3, entitles the plaintiff to pay for attending as a juror, when summoned upon an inquest by a coroner.

We do not think so. The Act is manifestly intended for the payment of jurors attending the Superior Courts, and has no reference to jurors attending inquests upon a summons of a coroner. The law in that respect remains as before the adoption of our present system.

There was error in rendering judgment for the plaintiff for two dollars.

This will be certified.

PER CURIAM.                                    Judgment reversed